OPINION
{¶ 1} Defendant-appellant, Marie Charvat, appeals from a judgment of the Franklin County Court of Common Pleas that adopted the magistrate's decision and entered judgment in favor of plaintiff-appellee, Barbara A. Morgan. For the following reasons, we reverse and remand.
 {¶ 2} Charvat and Morgan are next-door neighbors in a dispute over the location of the boundary line between their two properties. On April 26, 2005, Morgan filed a complaint against Charvat to remove the cloud on her title. Morgan also asserted claims *Page 2 
for trespass, slander of title, and nuisance. Charvat counterclaimed, asserting almost identical claims.
 {¶ 3} Pursuant to Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas, the trial court referred the case to a magistrate for a jury-waived trial. On July 5, 2006, the parties tried their case to the magistrate. The magistrate issued a decision in which she recommended that the trial court find that Morgan's survey established the boundary line between the parties' properties. The magistrate further recommended that the trial court dismiss the remaining claims.
 {¶ 4} Charvat timely filed objections to the magistrate's decision on August 21, 2006. She filed supplemental objections, along with the transcript of the trial, on September 21, 2006.
 {¶ 5} On December 19, 2006, the trial court issued a decision adopting the magistrate's order in its entirety. Apparently overlooking the presence of the transcript in the record, the trial court found that Charvat failed to file a transcript. Despite this deficiency, the trial court ruled upon each of Charvat's objections. The trial court reduced its decision to judgment on December 21, 2006.
 {¶ 6} Charvat now appeals and assigns the following errors:
 [1] THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE'S DECISION THAT PLAINTIFF'S SURVEY, AND NOT BOTH PARTIES' SURVEYS, ESTABLISHES THE BOUNDARY LINE BETWEEN THE PROPERTIES OF THE PLAINTIFF/APPELLEE AND DEFENDANT/APPELLANT AND THE SUBSEQUENT OVERRULING OF DEFENDANT/APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S FINDINGS OF FACT AND DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 3 
 [2] THE OVERRULING OF THE DEFENDANT/APPELLANT'S OBJECTION TO THE MAGISTRATE'S FINDING AND RECOMMENDATION REGARDING DEFENDANT/APPELLANT'S CLAIM OF TRESPASS BY THE PLAINTIFF/APPELLEE WAS RENDERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND UNSUPPORTED BY THE LAW REGARDING AGENCY.
 [3] THE TRIAL COURT WRONGFULLY OVERRULED DEFENDANT/APPELLANT'S OBJECTION REGARDING THE MAGISTRATE'S FINDING AND RECOMMENDATION FOR DEFENDANT/APPELLANT'S CLAIM FOR ATTORNEYS FEES DUE TO THE FRIVOLOUS FILING OF PLAINTIFF/APPELLEE ON THE INSTANT LAWSUIT.
 {¶ 7} By her first assignment of error, Charvat argues, in part, that the trial court erred in ruling upon her objections without first reviewing the transcript of the proceedings. We agree.
 {¶ 8} In ruling upon objections to a magistrate's decision, a trial court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). A trial court cannot rule upon fact-based objections without first reviewing a transcript to determine whether the evidence supports the magistrate's factual findings. Gruger v. Diversified Air Sys., Inc., Mahoning App. No. 05-MA-103, 2006-Ohio-3568, at ¶ 22 ("The only way the court could properly rule on the fact-based objections was to review the transcript of the evidence."); Baddour v. Rehabilitation Serv. Comm., Frankllin App. No. 04AP-1090, 2005-Ohio-5698, at ¶ 26 ("In the absence of a transcript, the trial court could not have determined whether the evidence presented to the magistrate supported the magistrate's factual findings."). *Page 4 
 {¶ 9} In the case at bar, the record contains a timely filed transcript. As the trial court never reviewed that transcript, we must remand this case to that court so it may have the opportunity to consider whether the evidence in the record supports the magistrate's factual findings. Accordingly, we sustain Charvat's first assignment of error to the extent that she asserts that the trial court erred in considering her objections without reviewing the transcript. Because the rest of Charvat's arguments implicate factual findings that the trial court may reject upon remand, we decline to address them now.
 {¶ 10} For the foregoing reasons, we sustain in part Charvat's first assignment of error, and we overrule as moot the remainder of Charvat's first assignment of error and the entirety of her second and third assignments of error. Further, we reverse the judgment of the Franklin County Court of Common Pleas and remand this case to that court for further proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
BRYANT and DESHLER, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1