{¶ 1} Intervenor-appellant, Jetta J. Leary ("Leary") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Juvenile Division, denying her motion for custody of the children and ordering the children to remain in the custody of their mother, plaintiff-appellee Joetta J. Wyatt nka Joetta J. Merrill ("Merrill"). This case was consolidated with appeal number 5-07-46 for purposes of briefing and argument. However, this court chooses to issue separate opinions. For the reasons discussed below, the appeal is dismissed.
 {¶ 2} Jayla Wyatt ("Jayla") was born on October 20, 1989, to Merrill and Kevin Myers ("Myers"). Merrill filed a paternity action in 1990, alleging that Myers was the father. The Court of Common Pleas of Hancock County, Juvenile Division, found Myers to be the father and ordered him to pay child support. However, Myers was not a part of Jayla's life until she turned 17.
 {¶ 3} Due to the difficult relationship between Jayla and Merrill, as well as Jayla and her step-father, Jayla asked to live with Leary. On March 14, 2006, Leary filed a motion to intervene in Jayla's paternity action and also filed a motion for a change of custody. The trial court granted the motion to intervene and issued an ex parte order granting Leary temporary custody of Jayla. A hearing on the ex parte order was scheduled on March 28, 2006. On March 28, 2006, Merrill filed a motion to terminate the ex parte order. No hearing was held as the court's prior *Page 3 
proceeding ran over and the hearing was rescheduled for April 12, 2006. On April 6, 2006, Myers filed a motion for a change of custody from Merrill to him. Merrill filed her response to this motion on April 11, 2006. An in camera hearing was held with Jayla on April 12, 2006, but the hearing was not held. The parties agreed to continue the ex parte orders temporarily. The trial court then appointed a Guardian Ad Litem ("GAL") on April 26, 2006.
 {¶ 4} On May 2, 2006, the trial court ordered that Jayla and Merrill continue with counseling and that it be limited to Jayla, Merrill, and younger sister Jacqulyn. The trial court approved the prior agreement between the parties on May 22, 2006. The psychologist issued his report on July 17, 2006, and recommended that Jayla be returned to her mother as family reconciliation was in their best interest. A hearing date on all pending motions was scheduled for October 31, 2006 and November 7, 2006.
 {¶ 5} On September 28, 2006, the GAL filed her preliminary report concerning Jayla. The GAL recommended that Leary remain the residential custodian of Jayla with Merrill having regular visitation. The GAL also recommended that Jayla continue with counseling and have regular contact with Myers. On October 2, 2006, Craig and Faith Tesnow ("the Tesnows"), who had previously been granted the right to intervene by the magistrate, filed a motion to vacate the trial dates as the entry granting their motion to intervene had not been *Page 4 
approved by the trial court yet. The trial court granted the Tesnows' motion to intervene on that same day. On October 17, 2006, the trial court granted the Tesnows' motion to vacate the trial dates. The matters were rescheduled for hearing from March 5-16, 2007. The trial court then dismissed the GAL on October 18, 2006, and was replaced by an attorney to act as GAL for Jayla. On January 16, 2007, the Tesnows voluntarily withdrew their motion to intervene. The trial court entered a pretrial order requiring a psychological evaluation of Merrill and reinstating the prior GAL.
 {¶ 6} On February 21, 2007, Leary moved the trial court to conduct a new in camera interview with Jayla before the trial. This motion was granted and the interview was conducted on February 27, 2007. On February 23, 2007, the GAL submitted a new preliminary report. The GAL again determined that Jayla should remain in the custody of Leary rather than being returned to her mother. An update to this report was filed on March 6, 2007, and was based upon additional information obtained as a result of the in camera interview and home visits with Merrill and Myers. The final result though was that again the GAL recommended that Jayla remain with her grandmother and that, given her advanced age of seventeen years, she be permitted to determine the terms of her contact with family members. *Page 5 
 {¶ 7} A trial was held on all pending matters from March 6 to March 13, 2007. On May 8, 2007, the magistrate issued its opinion denying the motion to intervene filed by Leary and the motion for a change of custody filed by Myers. The magistrate found that Leary had not proven by a preponderance of the evidence that Merrill was an unsuitable parent. The magistrate also found that Myers had not established that a change of circumstances was present to permit a modification of the prior custody order. The magistrate's order was set to be effective on May 22, 2007. Additionally, Leary requested a more detailed findings of fact and conclusions of law from the magistrate. On May 16, 2007, the trial granted a stay on the magistrate's order. Leary filed her objections to the magistrate's opinion on May 22, 2007, which resulted in a stay of the order to return Jayla to Merrill.
 {¶ 8} On May 25, 2007, Merrill filed a motion terminate the ex parte order. On June 14, 2007, Merrill filed a motion for an interim order lifting the stay and returning Jayla to her custody. Leary responded with a motion to strike Merrill's order. On June 20, 2007, the trial court granted the motion to strike and overruled Merrill's motion to terminate the ex parte order. On October 10, 2007, the trial court overruled the objections of Leary. On October 24, 2007, the trial court ordered that Merrill be designated the residential parent and granted *Page 6 
visitation to both Myers and Leary. Leary appeals from this judgment and raises the following assignments of error.
 First Assignment of Error The Juvenile Court erred by not considering the constant volative temper of [Merrill].
 Second Assignment of Error The Juvenile Court erred in requiring more than a preponderance of evidence to support a finding that returning [Jayla] to [Merrill] would be detrimental.
 Third Assignment of Error The Juvenile Court erred by not assigning the proper weight to the evidence.
 {¶ 9} This court notes initially that the judgment of the trial court has been stayed pending appeal. Oct. 25, 2007 Entry. This court also notes that as of October 20, 2007, Jayla is 18 years of age and is now considered an adult under the law. R.C. 2151.011(B)(2) and R.C. 3109.01. Since Jayla has reached the age of majority and is not under a legal disability, she is free to choose where she will reside. See R.C. 3109.01 (stating that one who has reached the age of majority is considered an adult for all purposes). This court notes that issues of support may remain depending on where Jayla chooses to reside and whether she is still in high school. However, the judgment from which Leary appeals does not address the issue of support, only the issue of who has custody of Jayla. This issue is now *Page 7 
moot since Jayla is an adult under the law.[1] Thus, the appeal is moot and the assignments of error as they relate to Jayla need not be addressed.
 {¶ 10} The appeal raised in appellate case number 5-07-45 is dismissed.
Appeal Dismissed.
 SHAW, P.J. and ROGERS, J., concur.
[1] In fact, this court notes that by the time the final judgment entry was filed on October 24, 2007, Jayla had already reached the age of majority. *Page 1