OPINION
{¶ 1} Intervenor-appellant Jetta J. Leary ("Leary") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Juvenile Division, denying her motion for custody of the children and ordering the children to remain in the custody of their mother, plaintiff-appellee Joetta J. Wyatt nka Joetta J. Merrill ("Merrill"). This case was consolidated with appeal number 5-07-45 for purposes of briefing and argument. However, this court chooses to issue separate opinions. For the reasons discussed below, the judgment is reversed.
 {¶ 2} Jacqulyn Hatch ("Jacque") was born to Merrill and her then husband Anthony Hatch ("Hatch") on November 25, 1990. Merrill and Hatch were divorced on August 27, 1992. Merrill was named the residential parent of Jacque and raised her with her half-sister, Jayla Wyatt ("Jayla").
 {¶ 3} Due to the difficult relationship between Jacque and Merrill, as well as Jacque and her step-father, Jacque asked to live with Leary. On March 14, 2006, Leary filed a motion to intervene in Jacque's case, as well as Jayla's, and also filed a motion for a change of custody. The trial court granted the motion to intervene and issued an ex parte order granting Leary temporary custody of Jacque. This case was subsequently consolidated with Jayla's into case number 90-014. A hearing on the ex parte order was scheduled on March 28, 2006. On March 28, 2006, Merrill filed a motion to terminate the ex parte order. No hearing *Page 3 
was held as the court's prior proceeding ran over and the hearing was rescheduled for April 12, 2006. An in camera hearing was held with Jacque on April 12, 2006, but the hearing was not held. The parties agreed to continue the ex parte orders temporarily. The trial court then appointed a Guardian Ad Litem ("GAL") on April 26, 2006.
 {¶ 4} On May 2, 2006, the trial court ordered that Jacque and Merrill continue with counseling and that it be limited to Jacque, Merrill, and older sister Jayla. The trial court approved the prior agreement between the parties on May 22, 2006. The psychologist issued his report on July 17, 2006, and recommended that Jacque be returned to her mother as family reconciliation was in their best interest. A hearing date on all pending motions was scheduled for October 31, 2006 and November 7, 2006.
 {¶ 5} On September 28, 2006, the GAL filed her preliminary report concerning Jacque. The GAL recommended that Leary remain the residential custodian of Jacque with Merrill having regular visitation. On October 2, 2006, Craig and Faith Tesnow ("the Tesnows"), who had previously been granted the right to intervene by the magistrate, filed a motion to vacate the trial dates as the entry granting their motion to intervene had not been approved by the trial court yet. The trial court granted the Tesnows' motion to intervene on that same day. On October 17, 2006, the trial court granted the Tesnows' motion to vacate the *Page 4 
trial dates. The matters were rescheduled for hearing on March 5, 2007. The trial court then dismissed the GAL on October 18, 2006. The GAL was replaced by an attorney to act as GAL for Jacque. On January 16, 2007, the Tesnows voluntarily withdrew their motion to intervene. The trial court entered a pretrial order requiring a psychological evaluation of Merrill and reinstating the prior GAL.
 {¶ 6} On February 21, 2007, Leary moved the trial court to conduct a new in camera interview with Jacque before the trial. This motion was granted and the interview was conducted on February 27, 2007. On February 23, 2007, the GAL submitted a new preliminary report. The GAL again determined that Jacque should remain in the custody of Leary rather than being returned to her mother. An update to this report was filed on March 6, 2007, and was based upon additional information obtained as a result of the in camera interview and home visits with Merrill. The final result though was that again the GAL recommended that Jacque remain with her grandmother and that, given her advanced age of seventeen years, she be permitted to determine the terms of her contact with family members.
 {¶ 7} A trial was held on all pending matters from March 6 to March 13, 2007. On May 8, 2007, the magistrate issued its opinion denying Leary's motion for legal custody. The magistrate found that Leary had not proven by a preponderance of the evidence that Merrill was an unsuitable parent. The *Page 5 
magistrate's order was set to be effective on May 22, 2007. Additionally, Leary requested more detailed findings of fact and conclusions of law from the magistrate. On May 16, 2007, the trial granted a stay on the magistrate's order. Leary filed her objections to the magistrate's opinion on May 22, 2007, which resulted in a stay of the order to return Jacque to Merrill.
 {¶ 8} On May 25, 2007, Merrill filed a motion to terminate the ex parte order. On June 14, 2007, Merrill filed a motion for an interim order lifting the stay and returning Jacque to her custody. Leary responded with a motion to strike Merrill's motion for an interim order. On June 20, 2007, the trial court granted the motion to strike and overruled Merrill's motion to terminate the ex parte order. On October 10, 2007, the trial court overruled the objections of Leary. On October 24, 2007, the trial court ordered that Merrill be designated the residential parent and granted visitation to Leary. Leary appeals from this judgment and raises the following assignments of error.
 First Assignment of Error The Juvenile Court erred by not considering the constant volatile temper of [Merrill].
 Second Assignment of Error The Juvenile Court erred in requiring more than a preponderance of evidence to support a finding that returning [Jacque] to [Merrill] would be detrimental.
 Third Assignment of Error *Page 6 The Juvenile Court erred by not assigning the proper weight to the evidence.
 {¶ 9} This court notes initially that the judgment of the trial court has been stayed pending appeal. Oct. 25, 2007, Entry. This court also notes that this appeal was brought along with an appeal of the custody of Jayla. See In re Jayla J. Wyatt, 3d Dist. No. 5-07-45,2008-Ohio-2115. Jayla's case was dismissed on May 5, 2008, after this court noted that the trial court's judgment in that case was moot due to the fact that Jayla had reached the age of 18 and was no longer required to live with Merrill. The appeal concerning the custody of Jacque, however, is not moot as she will not be 18 until November 25, 2008.
 {¶ 10} The third assignment of error alleges that the trial court failed to properly consider the evidence and give it appropriate weight. The juvenile court has the authority to determine the custody of any child not a ward of another court in the state. R.C. 2151.23(A)(2). To grant custody to an intervenor, the trial court must determine that the parents are unsuitable and that the grant of custody to a third party is in the best interest of the child. In re Hockstok, 98 Ohio St.3d 238, 2002-Ohio07208, 781 N.E.2d 971. A determination of the best interest of the child may include an in camera interview with the child. R.C. 3109.04(B)(2). If this interview is done, the trial court must consider the wishes of the child. Id. *Page 7 
 {¶ 11} In order to review the objections to the magistrate's decision, the trial court must conduct an independent review of all of the evidence presented to the magistrate. In re B.G., 9th
Dist. No. 24187, 2008-Ohio-5003, ¶ 7. "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ. R. 53(D)(4)(d). To conduct an independent review, the trial court must consider the record, including any transcripts. Morgan v. Charvat, 10th Dist. No. 07AP-58, 2007-Ohio-5927. A review of the record in this case indicates that the trial court had available for review the transcripts of all of the hearings except the in camera interviews. Unlike the other transcripts, the transcripts of the multiple in camera interviews were not available until after the trial court entered its judgment. The judgment entry indicates that the trial court conducted an "independent review of the transcripts [and] admitted exhibits[.]" The trial court does not indicate that it considered the wishes of Jacque in any way. These wishes must be considered pursuant to R.C. 3109.04. Since this testimony contained instances that may have affected the determination of whether Merrill was a suitable parent and whether it was in Jacque's best interest to reside with Merrill, the trial court erred in not considering the in camera interviews. For this reason, the third assignment of error is sustained. *Page 8 
 {¶ 12} Having found error in the independent review of the evidence, this court need not address the first and second assignments of error.
 {¶ 13} The judgment of the Court of Common Pleas of Hancock County,
Juvenile Division is reversed and the matter is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 SHAW, P.J., and ROGERS, J., concur. *Page 1