[Cite as *Capretta v. Brunswick City Council*, 2012-Ohio-4871.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ANTHONY CAPRETTA

    Appellant

    v.

BRUNSWICK CITY COUNCIL

    Appellee

C.A. No.      11CA0094-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10CIV1971

DECISION AND JOURNAL ENTRY

Dated: October 22, 2012

MOORE, Judge.

{¶1} Anthony P. Capretta appeals the decision of the Medina County Court of Common Pleas which affirmed the Brunswick City Council's decision to remove him from his office. We dismiss the appeal as moot.

I.

{¶2} In 2007, Mr. Capretta was elected to a four-year term as a Brunswick City Councilman for Ward 4. The City of Brunswick operates under a "City Manager." Section 3.05(B) of the Brunswick City Charter prohibits councilmembers from "dealing directly" with city employees who are subject to the direction of the City Manager.

{¶3} In early 2010, a constituent informed Mr. Capretta that city workers had damaged her mailbox when clearing snow. She informed Mr. Capretta that the City would reimburse her only $35 for the mailbox, which did not cover its replacement cost. Mr. Capretta contacted the City Service Director, Sam Scaffide, regarding this issue, and a less than cordial exchange took

place. Mr. Scaffide and the City Manager, Carl DeForest, filed complaints with the Brunswick Ethics Board against Mr. Capretta, alleging that his contact with Mr. Scaffide violated Section 3.05.

{¶4} The Ethics Board determined in two memoranda that, although the truth of the facts contained in Mr. DeForest's complaint had not been established, the facts contained in Mr. Scaffide's complaint had been established by a preponderance of the evidence. City Council then met, heard additional testimony and took evidence, and then voted to remove Mr. Capretta from his office under the forfeiture provision of City Charter Section 3.06(b). Mr. Capretta filed an administrative appeal from Council's decision in the Medina County Court of Common Pleas.

{¶5} On September 1, 2011, the lower court affirmed the decision of City Council. Mr. Capretta timely appealed from the order affirming City Council's decision to remove him from office and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY AFFIRMING THE DECISION OF [ ] CITY COUNCIL TO EXPEL [MR. CAPRETTA] AS A CITY COUNCIL MEMBER, WHERE THE TRIAL COURT'S RULING IGNORED OR OVERLOOKED THE CLEAR EVIDENCE THAT: (1) [ ] CITY COUNCIL RELIED ON TWO INCONSISTENT MEMORANDA AND ADVISORY OPINIONS BY THE CITY'S BOARD OF ETHICS, FINDING THAT THE PREPONDERANCE OF THE EVIDENCE BOTH DID, AND DID NOT, SUPPORT THE EXACT SAME ALLEGATIONS THAT [MR. CAPRETTA] HAD VIOLATED THE CITY CHARTER SECTION 3.05(B) BY DEALING DIRECTLY WITH THE CITY'S SERVICE DIRECTOR EXCEPT SOLELY THROUGH THE CITY MANAGER, AND (2) THE CITY MANAGER HAD AUTHORIZED CITY COUNCIL MEMBERS, INCLUDING [MR. CAPRETTA], TO COMMUNICATE OR "DEAL" DIRECTLY WITH CITY DEPARTMENT HEADS, INCLUDING THE SERVICE DIRECTOR, AS HIS DESIGNEES IN ACCORDANCE WITH THE PROVISIONS OF CITY CHARTER SECTION 3.05(B), SO THAT [MR. CAPRETTA]'S DEALING WITH THE SERVICE DIRECTOR DID [NOT] VIOLATE THE CITY CHARTER.

{¶6}    In his assignment of error, Mr. Capretta first argues that the lower court erred in relying upon inconsistent memoranda in its decision affirming City Council's decision to remove him from his office.  Next, Mr. Capretta argues that the lower court erred by overlooking clear evidence that the City Manager gave permission to councilmembers to directly communicate with department heads, in effect making councilmembers "designees" who are permitted to "deal" with city directors pursuant to the City Charter.

{¶7}    Initially, we note that Mr. Capretta urged the lower court to reverse the action of City Counsel and reinstate him to office of Councilman for Ward 4.  However, the term of office for which Mr. Capretta sought reinstatement expired in 2011.  Subsequently, he was re-elected to the same office for which he sought reinstatement in the current action.  Based upon these facts, City Council has argued that the appeal is moot.

{¶8}    In *Frank Novak Sons, Inc. v. Avon Lake Bd. of Edn*, 9th Dist. No. 01CA007835, 2001 WL 1545505, *1 (Dec. 5, 2001), quoting *Miner v. Witt*, 82 Ohio St. 237, 238, (1910), we set forth the Ohio Supreme Court's following analysis of the mootness doctrine:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.  It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.  And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

{¶9}    The mootness doctrine is, however, subject to exceptions.  One such exception involves an issue which is capable of repetition yet evading review.  *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St. 3d 229, 231 (2000).  This exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is

too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.*, citing *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998). Further, "there must be more than a theoretical possibility that the action will arise again." *James A. Keller Inc. v. Flaherty*, 74 Ohio App.3d 788, 792 (10th Dist.1991).

{¶10} Here, because Mr. Capretta's term to which he sought reinstatement has expired, we are prevented from granting him "any effectual relief[.]" *See Frank Novak* at *1. Further, we do not conclude that the exception applicable to issues which are capable of repetition and evading review applies in this case. Although it is possible that council may vote to remove Mr. Capretta from office for violation of the prohibition against directly contacting city employees who are under the supervision of the City Manager, we cannot say that "there is a reasonable expectation" that this will again occur. *See Calvary* at 231. Furthermore, we cannot say that, in such a case, Mr. Capretta's challenge would evade review. *See id.*

{¶11} Accordingly, Mr. Capretta's appeal is dismissed as moot.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

KENNETH J. FISHER, Attorney at Law, for Appellee.