[Cite as *Young v. Young*, 2013-Ohio-1165.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CYNTHIA YOUNG | C.A. No. 26541 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONALD YOUNG | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2000-03-0738 |

DECISION AND JOURNAL ENTRY

Dated: March 27, 2013

WHITMORE, Judge.

{¶1} Appellant, Donald Young ("Father"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court dismisses the appeal as moot.

I

{¶2} Father and Appellee, Cynthia Young ("Mother"), were married in Colorado in 1994 and, in November of that year, had a daughter, K.Y. Father and Mother divorced in 1996 while still residing in Colorado. Subsequently, both moved to Ohio and registered their foreign decree in Summit County. From that point forward, Father and Mother had frequent contact with the court, filing various items such as child support modification requests, proposed shared parenting plans, and motions to modify the resulting shared parenting decrees. The court ultimately named Mother the primary residential parent.

{¶3} In 2007, Mother filed a notice of her intent to relocate to Florida with K.Y. The parties agreed that Mother would relocate and Father would be given companionship time. They further agreed that Father would be responsible for all travel costs associated with effectuating his companionship time and his child support obligation would terminate as a result of his paying the travel costs. In 2009, several things occurred. Mother began interstate proceedings to reinstate child support, as Father had not exercised his companionship time. Father filed a motion for contempt, alleging that Mother had denied him his companionship time with K.Y. ever since her move to Florida. The trial court ultimately reinstated Father's child support obligation and denied his motion to hold Mother in contempt. Father appealed, and this Court affirmed the trial court's decision. *Young v. Young*, 9th Dist. No. 25640, 2011-Ohio-4489.

{¶4} Father continued to file contempt motions after the trial court's refusal to hold Mother in contempt and additional motion practice ensued. In February 2011, Father filed his notice of intent to relocate to Nevada. Although the parties continued to litigate in Summit County, there is no dispute that, after Father's relocation, Mother, Father, and K.Y. all resided outside of Ohio. In April 2011, Mother filed a motion to transfer the case to Florida. Father opposed the motion, arguing that both parties would be prejudiced by a transfer. In May 2011, the magistrate denied the transfer by way of order, concluding that the court "had continuing exclusive jurisdiction over the child custody determination." Neither party addressed the transfer issue after the magistrate's order. On June 12, 2012, however, the trial court issued a judgment entry sua sponte dismissing all pending motions and holding that "[a]s both the parties and [K.Y.] no longer reside in the state of Ohio, this Court is divested of exclusive, continuing jurisdiction."

{¶5}    Father now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED BY DISIMISSING (sic) SUA SPONTE THE PARTIES' ENTIRE CASE ON GROUNDS THAT IT WAS DIVESTED OF EXCLUSIVE CONTINUING JURISDICTION.

{¶6}    In his sole assignment of error, Father argues that the trial court erred by sua sponte dismissing the case on the basis that the relocation of the parties and their daughter had divested it of jurisdiction.

{¶7}    Chapter 3127 of the Ohio Revised Code contains the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  Once jurisdiction has been properly invoked in Ohio under the UCCJEA, the Act provides that Ohio "has exclusive, continuing jurisdiction over [a child custody] determination until the court * * * determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."  R.C. 3127.16.  Finding that Father, Mother, and K.Y. all reside outside of Ohio, the trial court concluded that it no longer had jurisdiction and dismissed the proceedings.  Father argues that the court misunderstood R.C. 3127.16.  Specifically, he argues that a court is not divested of jurisdiction just because it no longer has *exclusive* jurisdiction.  This Court, however, cannot address Father's argument.

{¶8}    As we recently explained:

The duty of this [C]ourt, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.  It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the [appellee], an event occurs which renders it

impossible for this [C]ourt, if it should decide the case in favor of the [appellant], to grant him any effectual relief whatever, the [C]ourt will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

*Capretta v. Brunswick City Council*, 9th Dist. No. 11CA0094-M, 2012-Ohio-4871, ¶ 8, quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910). The "key inquiry" in cases where the question of mootness arises due to the occurrence of an event is "whether the relief sought on appeal [is] available." *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. No. 25375, 2011-Ohio-3277, ¶ 25.

{¶9} The relief Father seeks on appeal is the reinforcement of the court's custody orders with regard to his companionship time. Specifically, Father requests that:

[i]n terms of plain fairness and to correct any past injustices, this [C]ourt should immediately reinstate this case on the active docket and order that the minor child visit with [] Father so as to make up their lost time before she turns 18.

Father did not request any other form of relief in his brief. His appeal only concerns the trial court's ruling as it relates to the parties' custodial arrangement.

{¶10} In reviewing the record, this Court discovered that K.Y. turned 18 on November 24, 2012. This Court then issued a show cause order to the parties, ordering them to submit responses addressing the issue of mootness in light of the fact that K.Y. is no longer a minor. Mother filed a response concluding that the appeal was moot. Father failed to respond to the show cause order.

{¶11} The UCCJEA vests a qualifying court with jurisdiction to make and/or modify child custody determinations. R.C. 3127.15, 3127.16, and 3127.17. The Act defines a child as "an individual who has not attained eighteen years of age." R.C. 3127.01(B)(2). Moreover, the Revised Code provides that the domestic relations court "shall allocate the parental rights and responsibilities for the care of the *minor* children of the marriage." (Emphasis added.) R.C.

3109.04(A). Once K.Y. turned 18, she ceased to be a child/minor. The domestic relations court lacks authority to order an adult to engage in companionship time with her parent. Even if the court erred by dismissing the proceedings, the remedy Father seeks is no longer available due to K.Y.'s having turned 18. Therefore, Father's appeal is moot. *See In re Wyatt*, 3d Dist. No. 5-07-45, 2008-Ohio-2115, ¶ 9; *Dahmen v. Dahmen*, 11th Dist. No. 2007-T-0037, 2008-Ohio-2129, ¶ 7-9; *Matter of Miller*, 5th Dist. No. 97-COA-01223, 1998 WL 429830, *1-2 (July 9, 1998).

## III

{¶12} Father's appeal from the Summit County Court of Common Pleas, Domestic Relations Division, is moot. Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID C. PERDUK, Attorney at Law, for Appellant.

WILLIAM W. LOVE, II, Attorney at Law, for Appellee.