DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steve Maiorana ("Husband"), appeals the judgment of the Medina Court of Common Pleas, Domestic Relations Division, which denied Husband's motion to modify child support, and also made a downward deviation on the child support obligation for Appellee, Jennifer Maiorana ("Wife"), as set by the child support calculation worksheet. This Court reverses.
 I. {¶ 2} On March 30, 2007, Husband filed a motion to modify child support. On September 12, 2007, the matter came before the magistrate assigned to the case. On September 20, 2007, the magistrate's decision was entered finding "that there should be a downward deviation in [Wife's] child support obligation in the amount of $3,142.20 annually." The downward deviation was to be from the new child support worksheet compiled in response to Husband's motion to modify child support. The new worksheet raised Wife's child support *Page 2 
obligation in reaction to a decrease in Husband's annual income and an increase in Wife's. However, in granting the downward deviation the magistrate recognized that "[Wife's] child support obligation should remain at $492.31[,]" the amount of her obligation before the new child support worksheet was compiled.
 {¶ 3} On October 3, 2007, Husband filed an objection to the magistrate's September 20, 2007 decision. On February 27, 2008, the trial court entered judgment finding that a review of the transcripts supported the magistrate's findings, and that "[Husband's] objections fail and the [magistrate's decision is adopted as if fully rewritten herein as an order of the Court." Husband timely appeals.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DEVIATING APPELLEE'S CHILD SUPPORT OBLIGATION [] TO AN AMOUNT LESS THAN SET BY LINE 23 C OF THE CHILD SUPPORT CALCULATION SHEET."
 {¶ 4} Husband argues that the trial court abused its discretion in denying his motion to modify child support, and by making a downward deviation from the child support calculation worksheet, thereby lowering the amount of Wife's child support obligation. This Court agrees.
 {¶ 5} "A trial court possesses broad discretion when modifying child support orders, and `the finding as to whether there has been a change in circumstances that, ultimately, warrants a modification or termination will not be reversed absent an abuse of discretion.'"O'Neill v. Bowers, 9th Dist. No. 21950, 2004-Ohio-6540, at ¶ 25, quotingMottice v. Mottice (1997), 118 Ohio App.3d 731, 735. An abuse of discretion extends beyond a mere error of law or judgment and "implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Put another way, abuse of discretion is a "perversity *Page 3 
of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St. 3d 619, 621. Furthermore, this court should not substitute its judgment for that of the trial court, Id., and "should not reverse the factual findings of the trial court, where there is some competent and credible evidence in support of the trial court's findings." Keller v. Keller, 9th Dist. No. 04CA0084,2005-Ohio-3302, at ¶ 7. (Internal citations and quotations omitted).
 {¶ 6} When a modification of an existing child support order is sought, the trial court is obligated to recalculate the required support by using the appropriate child support calculation worksheet and schedule. O'Neill at ¶ 26, citing R.C. 3119.79(A).
 {¶ 7} "The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is rebuttably presumed to be the correct amount of child support due. R.C. 3119.03."O'Neill at ¶ 27. However, this Court has found that a trial court may deviate from the amount set by the child support schedule and worksheet where "(1) it finds that the amount determined under the schedule is unjust or inappropriate; (2) it finds that the child support amount calculated under the child support schedule would not be in the best interest of the child; and (3) it states its findings of fact that support its determination." Calvaruso v. Calvaruso, 9th Dist. No. 21392, 2003-Ohio-4906, at ¶ 9, quoting Carter v. Carter, 9th Dist. No. 21156, 2003-Ohio-240, at ¶ 24.
 {¶ 8} R.C. 3119.23 sets forth the criteria that must be considered by a trial court when determining whether deviation is proper and includes:
 "(A) Special and unusual needs of the children;
 "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination; *Page 4 
 "(C) Other court-ordered payments;
 "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
 "(F) The financial resources and the earning ability of the child;
 "(G) Disparity in income between parties or households;
 "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both the parents;
 "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 "(K) The relative financial resources, other assets and resources, and needs of each parent;
 "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parties been married;
 "(M) The physical and emotional condition and needs of the child;
 "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 "(O) The responsibility of each parent for the support of others;
 "(P) Any other relevant factor."
 {¶ 9} In the matter before this Court, the annual child support obligation for wife was recalculated using the applicable child support computation worksheet after Husband filed his *Page 5 
motion to modify child support. It was determined from the worksheet that Wife was to have an increase in her child support obligation by $3,142.20 annually to $9,049.87. However, the magistrate ultimately came to the conclusion that a downward deviation was "just, appropriate and in the minor children's best interests." In coming to this conclusion, the magistrate considered a number of the factors from R.C. 3119.23, including: (A), having considered that the children did not have any special or unusual needs outside of counseling; (C), having discussed that there were no other ordered payments for either side outside of "GAL fees"; (D), having recognized the additional costs Wife had to incur when visiting with her children; (E), having acknowledged that Wife had taken on a second job to make ends meet, even though it was not to support a second family; (G), having recognized the disparity in incomes between the two households; (H), having noted that Husband benefited from sharing living expenses with his new spouse; (J), having acknowledged Wife's purchase of clothing with funds separate from that she gave monthly for child support; and (K), having considered the "bare bones" financial situation of Wife and her needs in order to meet her monthly budget.
 {¶ 10} Likewise, the trial court made a similar analysis and went through each and every factor in R.C. 3119.23 before concluding that the magistrate's findings were supported by the transcript and an analysis of the factors in question. Ultimately, the trial court held "that a guidelines calculation of child support in this matter would be unjust, inappropriate and not in the children's best interests. [The Magistrate's] decision to deviate downward to the current child support order is in the children's best interests."
 {¶ 11} Husband argues that the trial court made "no specific finds [sic] of fact pursuant to ORC 3119.23 that permit a deviation without an abuse of discretion." More specifically, Husband argues that the trial court abused its discretion when it considered an alleged $7,000 tax *Page 6 
break, and "an additional imputed $9,600.00" of household income, both of which purportedly benefited Husband. We agree.
 {¶ 12} In the case sub judice, the trial court's determination was based largely on the two findings in question: (1) that Husband could have $7,000 in tax savings if he and his current wife each claimed tax exemptions and credits for their respective children and because they each may "possibly" be designated as heads of household; and (2) that Husband's current wife was eligible for $9,600 per year in child support for her two children that could contribute to the household income. Both findings, however, are entirely speculative and without support in the record.
 {¶ 13} In regard to the possible tax savings, R.C. 3119.23(I) allows the court to consider estimated tax effects; however, there is no evidence in the record to support the $7,000 figure as an estimate or otherwise. Neither is there evidence in the record that Husband's current wife would, in fact, receive $9,600 in child support if she chose to pursue the monthly obligation owed by her ex-husband. In light of the above, as well as the fact that the new child support calculation worksheet would have increased Wife's child support obligation by nearly 30%, we hold that the trial court abused its discretion in deviating downward from Wife's child support obligation without appropriate evidentiary support. See Tarr v. Walter, 7th Dist. No. 01JE7, 2002-Ohio-3188 (holding that downward deviation was unfounded in part because it was based on inaccurate speculation concerning mother's benefits accruing from remarriage); Schneeberger v. Schneeberger (Dec. 19, 1996), 8th Dist. No. 70525 (holding that the trial court abused its discretion when it deviated downward based on a speculative promise of the receipt of trust funds by father). Accordingly, Husband's assignment of error is sustained. *Page 7 
 III. {¶ 14} Husband's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 SLABY, J. DICKINSON, J. CONCUR *Page 8