[Cite as *Young v. Young*, 2011-Ohio-4489.]

STATE OF OHIO           )                          IN THE COURT OF APPEALS

                                )ss:                    NINTH JUDICIAL DISTRICT

COUNTY OF SUMMIT    )

CYNTHIA M. YOUNG

     and

SUMMIT COUNTY CHILD SUPPORT ENFORCEMENT AGENCY

     Appellees

     v.

DONALD K. YOUNG

     Appellant

C.A. No.     25640

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2000-03-0738

DECISION AND JOURNAL ENTRY

Dated: September 7, 2011

---

BELFANCE, Presiding Judge.

{¶1} Donald Young appeals the trial court's modification of his child support obligation and its denial of his motion to find Cynthia Young in contempt. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Young and Ms. Young are divorced with a daughter. When Ms. Young decided to move with her daughter to Florida, she and Mr. Young agreed that he should stop

paying child support in light of the additional expenses he would incur in exercising companionship. On June 28, 2007, the trial court approved an agreed journal entry that permitted Ms. Young to relocate to Florida, established the child's companionship with Mr. Young, required Mr. Young to be responsible for the costs of travel associated with the exercise of companionship and ordered that Mr. Young's child support obligation terminate effective the date of the filing of the agreed judgment entry. The trial court stated that the termination of child support was a permitted deviation under Ohio law and that the reason for the deviation was that Mr. Young would be paying for all travel costs associated with his companionship and also that he would be providing more of the necessaries for the child than required by law.

{¶3} Since Ms. Young moved, Mr. Young had only sporadic contact with his daughter and has not had any companionship time. In 2009, Ms. Young began interstate proceedings in Florida, seeking to reinstate Mr. Young's child support obligation. Mr. Young filed a motion requesting that the court find Ms. Young in contempt for failing to abide by the June 28, 2007, agreed judgment entry with respect to companionship.

{¶4} A hearing was held before the Magistrate, who recommended that Mr. Young should resume paying child support, the parties should equally share in any future transportation costs associated with companionship, and that Ms. Young should not be found in contempt. Mr. Young filed objections to the magistrate's decision, but the trial court overruled his objections and adopted the magistrate's recommendations. Mr. Young has appealed, raising five assignments of error for our review.

II.

**STANDARD OF REVIEW**

{¶5} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. No. 24150, 2008–Ohio–5232, at ¶9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049–M, 2009–Ohio–3139, at ¶18. We review a trial court's determination of a child support order for an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144. An abuse of discretion implies that the trial court's attitude is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY AWARDING CHILD SUPPORT WITHOUT FINDING A CHANGE IN CIRCUMSTANCES NECESSITATING SUCH AN AWARD."

{¶6} In Mr. Young's first assignment of error, he challenges the trial court's establishment of a child support obligation.

{¶7} We initially note that Mr. Young did not argue to the trial court that the magistrate erred in failing to find a change of circumstances. In his objection to the magistrate's decision, Mr. Young challenged findings 14 through 18 of the magistrate's decision and stated that the magistrate "misapplied" binding case law because a modification/establishment of child support was "not countenanced by current law." In those findings, the magistrate rejected Mr. Young's argument, made in reliance upon *Flanagan v. Flanagan*, 174 Ohio App.3d 77, 2007-Ohio-6209, that the court could not set a child support obligation because the existing order did not provide for one. Instead, the magistrate concluded that "*Flanagan* does not apply to this case. CSEA does not seek a modification. It asks for an order to set support, not to modify it." The magistrate also found that to forbid any future child support obligation "would be a serious

violation of public policy." Finally, the magistrate rejected Mr. Young's argument that the doctrine of res judicata bars any order to set support, reasoning that res judicata would bar an order to make support retroactive, but it does not prevent an order going forward.

{¶8} In his objections, Mr. Young did not set forth any legal authority nor make any legal argument. See Civ.R. 53(D)(3)(b)(ii) (requiring objections to be specific). Although Mr. Young stated that he would supplement his objection after reviewing the transcripts of the proceedings, he did not do so. This Court has previously held that, where a party makes general objections that fail to provide legal or factual support, the trial court may adopt the magistrate's decision without considering the merits of the objection. *Young v. Young*, 9th Dist. No. 22891, 2006-Ohio-2274, at ¶5, quoting *Lambert v. Lambert*, 11th Dist. No. 2004-P-0057, 2005-Ohio-2259, at ¶6.

{¶9} Despite Mr. Young's failure to provide the trial court with any legal argument in support of the above objections, the trial court nonetheless addressed findings 14 through 18 of the magistrate's decision and adopted the magistrate's reasoning as its own. Mr. Young has not specifically challenged the trial court's determinations, nor provided any legal analysis to support a claim of reversible error. See App.R. 12(A)(2); App.R. 16(A)(7). Mr. Young concedes that the trial court's calculation of support was correct. However, he seems to suggest that, because his companionship rights have remained unchanged, the "original reasons" to terminate child support still exist, and the trial court thus erred in establishing a child support order. Mr. Young has not provided any legal authority to support this argument. In addition his factual premise is incorrect. Although the trial court did not alter Mr. Young's companionship, the trial court terminated Mr. Young's full responsibility for all the travel costs associated with the exercise of companionship and instead required both parties to share equally in that cost. Mr.

Young has not identified legal error or otherwise demonstrated that the trial court abused its discretion in its award of child support. See App.R. 12(A)(2); App.R. 16(A)(7).

{¶10} Mr. Young's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED BY AWARDING CHILD SUPPORT WITHOUT CONSIDERING A DOWNWARD DEVIATION ESPECIALLY SINCE THE CURRENT COMPANIONSHIP ORDER GIVES SIGNIFICANT GROUNDS FOR A DEVIATION."

{¶11} Mr. Young's lone argument in support of his second assignment of error is that, because the trial court had previously "found that the new out-of-state companionship schedule was grounds enough to deviate from the guidelines[,]" the trial court should have done so again.

{¶12} A calculation of child support "pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due." R.C. 3119.03. The trial court may deviate from the child support schedule if it: "(1) finds that the amount calculated is unjust or inappropriate; (2) finds that the amount calculated does not conform to the child's best interest[;] and[] (3) states findings of fact supporting the deviation from the amount calculated." *Irish v. Irish*, 9th Dist. Nos. 09CA009577, 09CA009578, 2010-Ohio-403, at ¶12, citing *Maiorana v. Maiorana*, 9th Dist. No. 08CA0016-M, 2008-Ohio-6179, at ¶7; see, also, R.C. 3119.22.

{¶13} A trial court must consider the following factors when it determines whether deviation is appropriate:

"(A) Special and unusual needs of the children;

"(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;

"(C) Other court-ordered payments;

"(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

"(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;

"(F) The financial resources and the earning ability of the child;

"(G) Disparity in income between parties or households;

"(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

"(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

"(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

"(K) The relative financial resources, other assets and resources, and needs of each parent;

"(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

"(M) The physical and emotional condition and needs of the child;

"(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

"(O) The responsibility of each parent for the support of others;

"(P) Any other relevant factor." R.C. 3119.23

"The trial court has discretion when considering the evidence presented relative to the above statutory factors. However, because the trial court does not have the discretion to ignore those factors, it commits an error of law if it fails to consider the factors enumerated in R.C. 3119.23 for which evidence has been presented at trial." *Irish* at ¶12.

{¶14} When the trial court originally determined that a deviation from the child support schedule was justified, it was operating under the assumption that Mr. Young would be regularly exercising companionship and that he would be paying for all of the travel costs as well as other necessaries for his daughter. However, while there was dispute as to who was responsible, it was undisputed that this did not occur. Instead, Mr. Young had not exercised any companionship since June 2007 and had not expended funds for necessaries as contemplated by the June 2007 entry. Upon considering all of the evidence, the trial court ordered that Mr. Young pay support in accordance with the child support guidelines and no longer required Mr. Young to be solely responsible for all travel expenses associated with the exercise of companionship. Mr. Young has not demonstrated that the trial court abused its discretion in failing to deviate from the presumptively correct amount of child support as established by the child support guidelines.

{¶15} Mr. Young's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED BY NOT FINDING MOTHER IN CONTEMPT FOR HER FAILURE TO PROVIDE FATHER WITH SUMMER VISITATION WITH THE MINOR CHILD."

### ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ERRED BY NOT FINDING MOTHER IN CONTEMPT FOR HER FAILURE TO PROVIDE FATHER WITH CHRISTMAS AND SPRING BREAK VISITATION WITH THE MINOR CHILD."

### ASSIGNMENT OF ERROR V

"THE TRIAL COURT ERRED BY NOT FINDING MOTHER IN CONTEMPT FOR HER FAILURE TO PROVIDE FATHER WITH REGULAR AND CONSISTENT PHONE CONTACT WITH THE MINOR CHILD."

{¶16} Mr. Young's third, fourth, and fifth assignments of error are interrelated, and, therefore, for ease of discussion, we address them together. Mr. Young essentially argues that

the trial court abused its discretion by not finding Ms. Young in contempt because it was undisputed that he had not had companionship time, or telephone contact, as required by the June 28, 2007, order with his daughter.

{¶17} A court's decision in a contempt proceeding should not be reversed absent an abuse of discretion. *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 11; see, also, *Akin v. Akin*, 9th Dist. Nos. 25524, 25543, 2011-Ohio-2765, at ¶44, quoting *Thomarios v. Thomarios*, 9th Dist. No. 14232, at *2 ("'[If] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely within the discretion of the trial court[.]'"). An abuse of discretion implies that the trial court's attitude is "unreasonable, arbitrary, or unconscionable." *Blakemore*, 5 Ohio St.3d at 219.

{¶18} We observe that Mr. Young has not challenged the trial court's determination that Mr. Young did not meet his burden of proof with respect to Ms. Young's alleged contempt, nor has he preserved his arguments for appellate review. Civ.R. 53(D)(3)(b)(ii) required Mr. Young to "be specific and [to] state with particularity all grounds for objection." However, his objection to the magistrate's decision not to find Ms. Young in contempt was that "[t]his finding is inappropriate for the reasons stated in paragraph 8 herein." The reasons in paragraph 8 were that "[t]hese findings are inappropriate for other reasons stated herein and not in the child's best interests." The best interest of the child, however, is not a ground for overruling the magistrate's decision on his contempt motion. Accordingly, we cannot say that Mr. Young stated his objection to the magistrate's decision with particularity, and, therefore, he failed to comply with Civ.R. 53(D)(3)(b)(ii). Thus, Mr. Young has forfeited appellate review regarding the trial court's adoption of the magistrate's recommendation that Ms. Young not be found in contempt, and, as he has not argued plain error, we may not consider his arguments on appeal. *John*

*Soliday Financial Group, L.L.C. v. Robart*, 9th Dist. No. 24407, 2009-Ohio-2459, at ¶15, citing *Stefano & Assoc., Inc. v. Global Lending Group., Inc.*, 9th Dist. No. 23799, 2008-Ohio-177, at ¶18; see, also, Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).").

{¶19}  Mr. Young's third, fourth, and fifth assignments of error are overruled.

III.

{¶20}  Mr. Young's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE

FOR THE COURT

WHITMORE, J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES:</u>

DAVID C. PERDUK, Attorney at Law, for Appellant.

LISA M. VITALE, Attorney at Law, for Appellee.

WILLIAM W. LOVE, II, Attorney at Law, for Appellee.