[Cite as *Brimer v. Kichner*, 2017-Ohio-7012.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| CURTIS BRIMER | C.A. No. 15CA010890 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HEATHER KICHNER | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 14-JG-41132 |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2017

SCHAFER, Presiding Judge.

{¶1} Plaintiff-Appellant, Curtis Brimer, appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, designating Defendant-Appellee, Heather Kichner, as the sole legal custodian and residential parent of the parties' minor daughter, I.B. We affirm.

I.

{¶2} The parties met through an online dating website in early 2011 and they began dating in April of that same year. In September 2011, Mr. Brimer moved from Michigan to Ohio in order to live with Ms. Kichner and her two children. During the course of the parties' relationship, Ms. Kichner became pregnant and ultimately gave birth on May 6, 2012, to the parties' daughter, I.B. Over time, the parties' relationship deteriorated. The relationship was ultimately terminated in November of 2013 and Ms. Kichner formally evicted Mr. Brimer from her residence.

{¶3} On January 21, 2014, Mr. Brimer filed a complaint for custody of I.B. in the Lorain County Court of Common Pleas, Juvenile Division, pursuant to R.C. 2151.23. The trial court held a contested hearing on Mr. Brimer's complaint on August 19, 2015, September 2, 2015, and September 28, 2015, where both parties were present and represented by counsel, were provided with an opportunity to testify and cross-examine the other party, and were given an opportunity to present evidence. On October 30, 2015, the trial court issued a judgment entry wherein, among other things, it designated Ms. Kichner as the sole legal custodian and residential parent of I.B.

{¶4} Mr. Brimer filed this timely appeal and presents one assignment of error for our review.

## II.

### Assignment of Error

**The trial court erred in a number of ways; [f]irstly, by allowing my case to drag out almost indefinitely, which caused much hardship for myself and my family. They also erred by assigning an initial GAL to my case who was unfit for the job. The trial court also erred by not taking my case seriously. The trial court also erred by blatantly granting an unnatural bias to the defendant in this case from the beginning of the trial. The trial court also erred by stringing the trial out over several days, during the course of more than two months. None of the attorneys that I hired had any interest in seeing justice done for my daughter and myself. This included both of the attorney's [sic] that I hired privately, and both of the GALs that were assigned to the case. None of those four people did their duty and none fully completed the tasks which they were paid for during the process. The trial court also erred by handing down an unnecessarily harsh and punitive judgment at the end of the trial.**

{¶5} In his sole assignment of error, Mr. Brimer takes issue with how the trial court, his attorneys, and the Guardians ad Litem handled his case.

{¶6} As an initial matter, this Court notes that Mr. Brimer is proceeding pro se in this appeal. This Court has repeatedly observed:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Paintiff v. Eberwein*, 9th Dist. Medina No. 14CA0117-M, 2016-Ohio-5464, ¶ 7, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. *Accord Eslinger v. McKnight*, 9th Dist. Summit No. 27649, 2015-Ohio-3446, ¶ 9.

**{¶7}** Pursuant to App.R. 9(A)(1), the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, * * * and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." "It is an appellant's burden to ensure that the record is complete on appeal." *State v. Vu*, 9th Dist. Medina No. 11CA0042-M, 2012-Ohio-746, ¶ 27. Consequently, "'[i]t is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court.'" *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B)(1). "In the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 30.

**{¶8}** A review of the record indicates that although Mr. Brimer filed a praecipe with the court reporter to prepare transcripts of the hearing on his complaint for custody, no transcripts were ever prepared or transmitted to the clerk of the court of appeals. "Where the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the [appellate] record, the reviewing court has 'no choice but to presume the validity of the

lower court's proceedings, and affirm.'" *Shumate* at ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Because Mr. Brimer failed to ensure that the appellate record contained the transcripts of the hearing that took place on August 19, 2015, September 2, 2015, and September 28, 2015, we have no choice but to presume regularity in the proceedings and affirm the trial court's judgment.

{¶9} Mr. Brimer's sole assignment of error is overruled.

III.

{¶10} Mr. Brimer's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

CURTIS BRIMER, pro se, Appellant.

STEPHEN E.S. DARAY, Attorney at Law, for Appellee.