[Cite as *Heter v. Coppinger*, 2019-Ohio-3825.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| TYLER D. HETER | | C.A. No.    18CA0047-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICOLE L. COPPINGER, nka BART | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No.    11PA0054 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2019

HENSAL, Judge.

{¶1} Tyler Heter appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that granted the motion for modification of child support filed by Nicole Coppinger, now known as Nicole Bart. For the following reasons, this Court affirms.

I.

{¶2} Mr. Heter and Ms. Coppinger, who have never been married to each other, had a child in 2010. In 2011 they entered into a shared parenting plan that gave both parents equal time if they did not come to a different arrangement. The plan also indicated that, since the parties had equal companionship time, a deviation from the child support calculation was appropriate and neither parent would owe support to the other.

{¶3} In 2016, Mother moved for a modification of child support, alleging that there had been a substantial change in the parties' circumstances. At a hearing before a magistrate, the parties confirmed that they were no longer exercising equal parenting time, but that Mother had

the child four nights a week and Father had the child three nights a week. It is also not disputed that, since 2011, Father has completed an apprenticeship and his salary has risen substantially. Mother, meanwhile, has gotten married and had two additional children.

{¶4} Following the hearing, the magistrate found that there had been a substantial change in the parties' circumstances and decided that Father would be required to pay child support to Mother. The trial court adopted her decision the same day. Father filed timely objections to the magistrate's decision and, later, supplemented his objections. Following a hearing on Father's objections, the trial court overruled them. Father has appealed, assigning three errors, which we will address together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S FAILURE TO FOLLOW PRECEDENT CASE LAW OF THE NINTH DISTRICT COURT OF APPEALS AND DISMISS DEFENDANT/APPELLEE'S MOTION TO MODIFY SUPPORT IS IN ERROR AND AN ABUSE OF DISCRETION[.]

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AS IT FAILED TO APPLY THE STATUTORY FACTORS FOR DEVIATION OF CHILD SUPPORT AS DELINEATED IN R.C. 3119.22, R.C. 3119.23, AND R.C. 3119.24.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AS IT FAILED TO FOLLOW R.C. 3119.05 AND INAPPROPRIATELY APPLIED A CREDIT TO DEFENDANT/APPELLEE'S ANNUAL INCOME FOR PURPOSES OF CHILD SUPPORT CALCULATION.

{¶5} Father argues that the trial court abused its discretion when it overruled his objections to the magistrate's decision and entered a judgment granting Mother's motion for modification of child support. *Young v. Young*, 9th Dist. Summit No. 25640, 2011-Ohio-4489, ¶

5 ("This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion."). In his first assignment of error, Father argues that the court did not have authority to modify the child support order because there was not a substantial change of circumstances. In his second assignment of error, Father argues that the court failed to apply the factors outlined in Revised Code Sections 3119.23 and 3119.24 when determining whether it should deviate from the child support worksheet. In his third assignment of error, Father argues that the court incorrectly gave Mother a credit for her two other children on the child support worksheet.

{¶6} Upon review of the record, we note that the trial court held a hearing on Father's objections on November 15, 2017. We also note that the record does not contain a transcript of that hearing. This Court has held that, "[p]ursuant to App.R. 9(A)(1), the record on appeal consists of '[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, * * * and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *.'" (Alterations sic.) *Brimer v. Kichner*, 9th Dist. Lorain No. 15CA010890, 2017-Ohio-7012, ¶ 7, quoting App.R. 9(A)(1). "It is an appellant's burden to ensure that the record is complete on appeal." *Id.*, quoting *State v. Vu*, 9th Dist. Medina No. 11CA0042-M, 2012-Ohio-746, ¶ 27. "[If] an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm." *Kitson v. Gordon Food Serv.*, 9th Dist. Medina No. 15CA0078-M, 2016-Ohio-7079, ¶ 11.

{¶7} Because we do not have a transcript of the hearing on Father's objections we do not know if additional evidence was presented or if only additional argument was made. *King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 30. "Either way, this Court is without benefit of information the trial court had before [it] in determining the merits of

[Father's] objection[s]." *Id*. In particular, we note that Father's objection about the credit Mother received for her two other children does not appear in his initial written objections or his supplemental written objections and must have been raised and argued exclusively during the hearing. Upon review of the record, we conclude that, without a transcript of the hearing on Father's objections, Father has failed to demonstrate that the trial court abused its discretion when it overruled the objections and adopted the decision of the magistrate. Father's first, second, and third assignments of error are overruled.

## III.

{¶8} Father's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶9} I respectfully dissent from the judgment of the majority as I would conclude that review of the transcript of the objections hearing is unnecessary to resolve the merits of this appeal. Thus, because I would address the merits of the arguments, I dissent from the judgment of the majority.

APPEARANCES:

GREGORY S. COSTABILE, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.